UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>    v.<br><br>DIGNITY HEALTH, et. al.,<br><br>    Defendants. | Case No. 1:20-cv-01778-HBK<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 4) |

This matter comes before the Court upon periodic review of the file. For the reasons set forth below, the undersigned recommends the Court dismiss this case without prejudice due to Plaintiff's failure to comply with a Court order, pay the filing fee or file a motion for leave to proceed *in forma pauperis*, and prosecute this action.

I.  FACTS AND BACKGROUND

Plaintiff Allen Hammler ("Plaintiff" or "Hammler") is a current state prisoner proceeding *pro se* on his civil rights complaint filed under 42 U.S.C. § 1983 on December 17, 2020. (Doc. No. 1). Hammler did not accompany the filing of his complaint with the requisite $402.00 filing fee or an application requesting to proceed *in forma pauperis*. On June 17, 2021, the Court entered an order directing Plaintiff to either pay the requisite filing fee or file a motion to proceed *in forma pauperis* within twenty-one days. (Doc. No. 3). The Court provided Hammler with an i*n forma*

*pauperis* application form with its order.  (*See* Doc. 3-1).  The Court's order was apparently delivered to Hammler because it was not returned as undeliverable.  (*See* docket).

On July 22, 2021, after Hammler failed to timely comply with the Court's June 17, 2021 Order, the Court issued an order to show cause "why the Court should not recommend that this case be dismissed without prejudice for Plaintiff's failure to prosecute and/or his failure to timely comply with the Court's June 17, 2021 Order."  (Doc. No. 4).  In response, on July 27, 2021 Hammler filed a motion for an enlargement of time to file an application for leave to proceed *in forma pauperis*.  (Doc. No. 5).  On July 29, 2021, the Court granted Hammler a fourteen-day enlargement of time to submit his application.  (Doc. No. 6).  As of the date on these findings and recommendations, Hammler has neither paid the requisite filing fee nor filed a motion for leave to proceed *in forma pauperis.*  (*See* docket).  Notably, Hammler is a three-striker under 28 U.S.C. § 1915(g), so this may explain why he has not filed an application to proceed *in forma pauperis*.[1]

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the Court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a Court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that Courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Eastern District of California Local Rule 110 similarly permits the Court to impose sanctions on a party who fails to comply with the Court's rules or any Court order.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Before dismissing an action under Fed. R. Civ. P. 41, the Court

---

[1] Although not exhaustive, the qualifying cases which count as a strike include: (1) *Hammler v. Director of CDCR*, Case No. 1:17-cv-000097(N.D. Ca.); *Hammler v. Kernan*, Case No. 3:18-cv-00170-DMS-NLS (S.D. Ca.); *Hammler v. Hough*, Case no. 3:18-cv-01319 (S.D. Ca.); *Hammler v. Director CDCR*, Case No. 2:17-cv-1949 MCE DB P (E.D. Ca.); *Hammler v. California*, Case No. 1:20-cv-630-DAD-GSA (E.D. Ca.).

*must* consider: (1) the public interest in expeditious resolution of litigation; (2) the Court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district Court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the Court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when Plaintiff did not amend caption to remove "et al" as the Court directed and reiterating that an explicit finding of each factor is not required by the district Court).

### III.  ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissing this case is warranted.  The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999).  Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts."  *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant,

1    thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  The Court

2    did attempt a less drastic action by issuing an order to show cause, and Plaintiff has not

3    responded.  Additionally, the instant dismissal is a dismissal *withou*t prejudice, which is a lesser

4    sanction than a dismissal with prejudice, thereby addressing the fifth factor.

5        More than eight months have passed since Hammler initiated this action, and despite

6    twice being advised to pay the filing fee of file an *in forma pauperis* application and afforded an

7    extension of time, Hammler has failed to do so and prosecute this action.  The Court duly warned

8    Hammler that his failure to either pay the requisite fee or file an application would result in a

9    dismissal of this action.  Considering these factors and those set forth *supra*, as well as binding

10   case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b)

11   and Eastern District of California Local Rule 110.

12       Accordingly, it is **ORDERED**:

13       The Clerk of Court shall assign a district judge.

14       Accordingly, it is **RECOMMENDED**:

15       This case be dismissed without prejudice.

16                                NOTICE TO PARTIES

17       These findings and recommendations will be submitted to the United States district judge

18   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen

19   (14) days after being served with these findings and recommendations, a party may file written

20   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

21   Findings and Recommendations."  Parties are advised that failure to file objections within the

22   specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

23   838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

24   Dated:   August 20, 2021

25                                           HELENA M. BARCH-KUCHTA
                                             UNITED STATES MAGISTRATE JUDGE

26

27

28