UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>    v.<br><br>DIGNITY HEALTH, ET. AL.,<br><br>    Defendants. | Case No.  1:20-cv-01778-JLT-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No.  15) |

Allen Hammler initiated this action as a prisoner proceeding *pro se* by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1.)  The matter was referred to the assigned United States magistrate judge under 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302.

On December 1, 2021, the magistrate judge issued findings and recommendations recommending that the district court deny Plaintiff's motion for leave to proceed *in forma pauperis* because Plaintiff qualifies as a three-striker under 28 U.S.C. § 1915(g) and the Complaint did not contain sufficient facts to allege imminent danger of serious physical injury. (Doc. No. 15 at 2-8.)  The magistrate judge recommended the district court direct Plaintiff to pay the full filing fee or face dismissal of the action. (*Id.* at 11.)  Additionally, or alternatively, the magistrate judge recommended the district court deny Plaintiff's motion to proceed *in forma pauperis* because Plaintiff had sufficient funds in his inmate account to pay the full filing fee.  (*Id.*

1  at 8-11.)  The findings and recommendations served on Plaintiff contained notice that any
2  objections were due within fourteen days.  (*Id.* at 11.)  Plaintiff timely filed objections on January
3  18, 2022 after receiving an enlargement of time.  (Doc. No. 19.)

4  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
5  *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the
6  findings and recommendations to be supported by the record and by proper analysis.  In his
7  objections, Plaintiff argues, among other things, that the findings and recommendations
8  overlooked key factual allegations that, in his opinion, support a finding of imminent harm.  (Doc.
9  No. 19.)  In particular, the objections emphasize that the complaint alleges that Defendant
10 Cervantes used excessive force against Plaintiff in September 2019[1], resulting in several serious
11 injuries.  (Doc. 1 at ¶ 2.)  The complaint then describes numerous interactions between Plaintiff,
12 Cervantes, and other correctional employees over the course of the next year that Plaintiff
13 perceived as threatening.  Even assuming that Plaintiff's perceptions of those events are plausible,
14 Plaintiff still does not allege an imminent threat of physical harm.  Apart from one interaction in
15 which Plaintiff's fingers had to be pried from his food port door resulting in minor lacerations,
16 none of the interactions describe physical touching at all.  Moreover, the alleged use of excessive
17 force in September 2019 took place more than a year before he filed his complaint in December
18 2020.  His allegations do not demonstrate that he faced imminent danger of physical injury at the
19 time his complaint was filed.

20 In addition, as the findings and recommendations correctly point out, even assuming
21 Plaintiff could satisfy the imminent danger exception, he had at the time of the filing of his
22 complaint sufficient funds in his trust fund account to pay the filing fee, so is not entitled to
23 proceed *in forma pauperis* on that ground alone.  As of August 2021, Plaintiff had more than
24 $800.00 in his prison account.  (*See* Docs. 1, 12.)  Plaintiff asserts in his objections that he now
25 has only $250.00 in his account to "pay for food."  That is not dispositive.  A court need not

---

[1] The complaint on occasion describes this event as occurring in September 2020 (*see* Doc. 1 at ¶ 2), but when read in the context of the entire complaint, it appears the excessive force event took place in September 2019 (*see id* at ¶¶ 1–2 (explaining that complained of interactions at the hospital occurred on September 9, 2019, several days after the alleged use of excessive force)).

authorize a party to proceed in forma pauperis where that individual had the funds to pay the filing fee, but subsequently chose to spend them elsewhere. *See Evans v. Sherman*, No. 1:19-CV-00760-LJO- JLT(PC), 2019 WL 5309110, at *1 (E.D. Cal. Oct. 21, 2019). Accordingly, the Court **ORDERS**:

    1. The findings and recommendations issued on December 1, 2021 (Doc. No. 15) are adopted in full.

    2. Plaintiff's motion to proceed in forma pauperis is DENIED.

    3. Plaintiff shall pay the $402.00 filing fee within 30 days of the date of this order or this matter will be summarily dismissed.

IT IS SO ORDERED.

Dated:   **January 21, 2022**

UNITED STATES DISTRICT JUDGE